IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY E. PROCTOR )<br>711 North Harvard Avenue )<br>Ventnor City, NJ 08406 )<br>  )<br>Plaintiff. )<br>  )<br>            v.           ) <br>  )<br>MARY E. PETERS, )<br>Secretary of Transportation, )<br>  )<br>Defendant. )<br>_____ ) | Civil No. _____ |

## COMPLAINT

1. This is an action to redress Defendant's discrimination against Plaintiff because of her disability under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. ("Act"), and in reprisal for her having filed an informal EEO complaint. Defendant, a qualified disabled individual for purposes of the Act, is a participant in the Voluntary Leave Transfer Program ("VLTP") administered by her employer, the Federal Aviation Administration ("FAA"), U.S. Department of Transportation ("Agency"), Washington, D.C. Plaintiff is employed by the Agency in Pomona, New Jersey.

## JURISDICTION

2. This is a civil action for declaratory relief under 28 U.S.C. § 2201, for injunctive relief, and for other appropriate relief under 28 U.S.C. § 2202. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and 42 U.S.C. §§ 2000e-5(f)(1) and 12117.

3. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely EEO complaint with the Agency, and has filed this action within 90 days of receiving the Agency's dismissal of that EEO complaint.

VENUE

4. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(e) (1). Defendant is an agency of the United States with its principal headquarters in the District of Columbia.

PARTIES

5. Plaintiff, Nancy E. Proctor resides in Ventnor City, New Jersey. She has been employed by the FAA at the William J. Hughes Technical Center, Atlantic City International Airport, Pomona, New Jersey, since 1990.

FACTS

6. Plaintiff first entered the Agency's VLTP in 2000. Plaintiff suffers from a hip tumor, and lymphoma. This condition significantly affects the following major life activities: climbing and sitting. The program was designed to assist employees with an immediate medical and financial emergency by allowing the individual to accept donated leave from other employees when their own leave was exhausted to pay their salary until the medical crisis was over and the individual returned to the workplace.

7. In October, 2005, the Agency transferred its payroll program administration to that of the Department of the Interior. This switch resulted, in large measure, in the harm to Plaintiff which is the subject of this Complaint.

8. Prior to October, 2005, Agency employees were permitted to accept donated sick or annual leave from fellow government employees; this donated leave was placed in the participants regular leave accounts. When the participant needed to take leave for medical reasons, the employee used his or her own accrued sick leave, and then relied on donated leave. While the participant was out on donated sick leave, they were able to

accrue their own annual and sick leave. The participant was able, as other employees, to use accrued annual leave for personal use. When donated leave was used, it was treated as leave *with* pay. This interpretation treated VLTP employees equally with other non disabled employees with VLTP participants only using donated leave for their medical condition when absolutely necessary if their regular accrued sick leave was insufficient for the medical need.

9. The various payroll systems used by the Agency until October, 2005 did not separate donated leave from accrued annual or sick leave. When donated leave was received, it was placed in the employee's accrued annual or sick leave account. Employees submitted leave slips for annual or sick leave, and were allowed to charge vacation time to their accrued leave. There was no limit on the hours that a leave recipient may accrue while working, but the hours had to have been used before additional leave is used.

10. In the fourth quarter of 2005, the Agency switched to a new payroll system, which separated employees' leave into:

      a. Accrued Annual
      b. Accrued Sick
      c. LvSh-SPCANM (Set Aside/Annual, limit 40 hrs)
      d. LvSh-SPCSKM (Set Aside/Sick, limit 40 hrs)
      e. Lvsh-Medical (donated leave)
      f. Lvsh – Family (family leave under the Family Leave Act)

11. Without notice to the Plaintiff, or her union, the agency took from Plaintiff accrued leave of 40 hours sick and 40 hours annual leave. This leave was placed in a separate set aside account that could not be used until the participant left the program. The remainder of Plaintiff's accrued annual and/or sick leave was wiped out and moved into a donated category (with no accounting provided to participants as to what was accrued vs. donated leave).

12. Participants were informed by human resources that all leave (accrued or donated) could only be used for medical purposes. Any personal leave not related to medical purposes would now have to be taken as leave without pay ("LWOP"). Plaintiff on numerous occasions was placed on LWOP. After the initial removal of accrued sick and annual to the donated leave category, all future accrued annual and sick leave was placed in Plaintiff's accrued leave category but this leave was used first before donated leave was used. Although Plaintiff's accrued leave was placed in her accrued leave category, the Agency has informed her that she is not permitted to use that leave for anything other than medical reasons.

13. As of October, 2005, Plaintiff's accrued leave began to be prorated based on the amount of donated leave she used. Use of donated leave began to be treated like "time not worked," which is contrary to VLTP policy and past practices. After the switchover to the new Department of Interior payroll system, in October 2005, Plaintiff was told, contrary to past practice, that she was no longer permitted to use her accrued annual leave for anything other than medically-related leave.

14. Under 5 U.S.C. § 6337(b) (1), an employee who is in a "transferred leave status" may accrue annual and sick leave up to the maximum of five annual and five sick days, "at the same rate as if such employee were then in a paid leave status." The Agency's decision, post-October, 2005, to pro-rate the amount of leave accrued by Plaintiff while she participates in the VLTP program, and uses donated leave, is inconsistent with section 6337(b) (1), and discriminatory. It also is inconsistent with the Agency's Human Resources Operating Instructions, § 2A, which state that there is "no limit on the hours that a leave recipient may accrue while working, but the hours are used before additional

donated leave is used."

15. Under 5 U.S.C. § 6333(b), a recipient of leave through the VLTP program may use annual leave "in the same manner and for the same purposes" as if such leave recipient had accrued that leave routinely under the Federal Government's standard leave program, except that any annual leave accumulated and available must be exhausted before any transferred annual leave may be used. The Agency's determination not to permit Plaintiff to use her accrued annual leave for anything other than medically-related leave is inconsistent with section 6337(b) (1), and discriminatory.

16. The Agency's decision to begin pro-rating Plaintiff's accrued annual and sick leave occurred following her filing of an informal complaint with the Agency's National Intake Unit.

## CLAIMS

17. All of the allegations contained in paragraphs 1-16 are incorporated herein as if set forth verbatim.

18. Defendant's actions in seizing control of Plaintiff's accrued annual and sick leave balance, in October, 2005, constitutes discrimination based on disability, in violation of the Act.

19. Defendant's refusal to permit Plaintiff to use any of her accrued annual leave for non medically-related activities, in the same manner as those employees not participating in the VLTP program, constitutes discrimination based on disability, in violation of the Act, and is, as well, evidence of reprisal.

20. These Agency's actions, in addition, constitute prohibited Agency action under the Administrative Procedures Act, 5 U.S.C. § 702.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this case.

2. Grant Plaintiff a trial by jury on all issues so triable.

3. Declare that Plaintiff has suffered acts of discrimination at the hands of defendant based on her disability.

4. Grant Plaintiff preliminary and permanent injunctive relief.

5. Restore all prorated annual and sick leave taken to Plaintiff's sick and annual leave balances.

6. Reimbursement of all LWOP charged for any annual leave request submitted after October, 2005.

7. Compensatory and punitive damages for arbitrary and capricious administration of the VLTP program since October, 2005.

    Respectfully submitted,

    _____
    Larry J. Stein, Bar No. 397397
    2009 N. 14th Street, Suite 708
    Arlington, VA 22201
    703/812-7880
    703/522-1250 Fax
    Attorney for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Nancy E. Proctor

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Larry J. Stein
2009 N. 14th Street, Suite 708
Arlington, VA 22201

## DEFENDANTS
Mary E. Peters, Secretary of Transportation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01723
Assigned To : Friedman, Paul L.
Assign. Date : 9/26/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⦿ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

| ○ G. *Habeas Corpus/ 2255* | ⊘ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 2000(e)-5(f); 5 U.S.C. 702 APA challenge of agency application of leave transfer program; discrimination based on disability; reprisal.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  9/26/07          SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.