```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

NANCY E. PROCTOR,               )
                                )
          Plaintiff,            )
                                )
     v.                         )   Civil Action No. 07-01723 PLF
                                )
MARY E. PETERS,                 )
Secretary Of The Department     )
Transportation,                 )
                                )
          Defendant.            )
                                )
_____)
```

## ANSWER

Defendant, Mary E. Peters, Secretary of the Department of Transportation, by her undersigned attorneys, hereby answers the complaint:

### First Defense

The complaint fails to state a claim upon which relief can be granted because, inter alia, plaintiff's allegations made in the complaint do not involve adverse employment actions and are not actionable under the Rehabilitation Act as discriminatory acts based on plaintiff's alleged disability. The alleged actions also do not constitute acts that qualify as retaliatory actions based on plaintiff's exercise of her rights under the Rehabilitation Act.

### Second Defense

Defendant hereby answers the numbered paragraphs of the complaint as follows:

Paragraph (¶)1. The first sentence of this paragraph is

plaintiff's characterization of the case, as to which no answer is required.  As to the second sentence, it is denied that plaintiff is a qualified disabled person under the Rehabilitation Act, but it is admitted that plaintiff is a participant in the Federal Aviation Administration's voluntary leave transfer program ("VLTP") and that she is employed by the Federal Aviation Administration ("FAA").

¶ 2.  This paragraph contains conclusions of law as to which no answer is required.

¶ 3.  Admitted.

¶ 4.  It is admitted that venue in this Court is proper.

¶ 5.  Admitted.

¶ 6.  Defendant is without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 6 with regard to plaintiff's alleged medical condition, and whether the alleged medical condition significantly affects a major life activity is a legal conclusion as to which no answer is required.  In response to the third sentence in this paragraph, defendant states that the VLTP was designed to help ease the financial burden on an employee who has exhausted available paid leave and has a personal or family medical emergency by allowing other employees to donate annual or sick leave to the participants in the program.

¶ 7.  The first sentence is admitted.  The second sentence

is denied.

¶ 8.  As to the first and second sentences of this paragraph, defendant states that under the VLTP employees of FAA are permitted to donate sick or annual leave to fellow employees who have been approved to participate in the VLTP.  Defendant denies, however, that this leave was placed in participant's regular leave accounts.  The third sentence is denied.  The fourth sentence is admitted.  As to the fifth sentence, defendant admits that donated leave is a form of paid leave.  The sixth sentence is denied.

¶ 9.  Denied.

¶ 10.  It is admitted that the FAA switched to a new payroll system in 2005 and that the leave categories listed in this paragraph reflect how the FAA divides the leave categories. Defendant states, however, that these categories reflect the division of leave required under the VLTP both before and after 2005.  Defendant denies that the new payroll system created any change in the policy with regard to donated leave.

¶ 11.  Denied.

¶ 12.  Denied, except that it is admitted that participants in the VLTP are required to use their own accrued sick and annual leave prior to using donated leave.

¶ 13.  Denied.

¶ 14.  As to the first and second sentence, it is denied

that the FAA is subject to 5 U.S.C. § 6337. As to the third sentence, the FAA denies that it acted inconsistently with its Human Resources Operating Instructions.

¶ 15. Denied; the FAA is not subject to 5 U.S.C. §§ 6333 and 3667.

¶ 16. Denied.

¶ 17. Defendant's responses to ¶¶ 1 through 16 are incorporated herein by reference.

¶¶ 18 through 20. Denied.

The remainder of the complaint is plaintiff's request for relief, and defendant denies that plaintiff is entitled to any relief.

All allegations not expressly admitted or denied are denied.

WHEREFORE, defendant requests this Court to deny the plaintiff all relief requested, dismiss the complaint with prejudice, grant defendant such other relief as the Court deems appropriate, and award defendant the costs of this action.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
        /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W. Room E-4110
Washington, D.C. 20530
202.514.7201