UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY E. PROCTOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-01723 PLF |
| | ) | |
| MARY E. PETERS, | ) | |
| Secretary Of The Department | ) | |
| Transportation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

PARTIES' REPORT TO THE COURT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f),LCvR 16.3, and this Court's recent order in this case, the parties submit the following report and discovery plan.

Statement Of The Case

This is an action under the Rehabilitation Act and the Administrative Procedure Act.  The plaintiff, an employee of the FAA, alleges that she suffers from a hip tumor and lymphoma and that she is a qualified disabled person under the Rehabilitation Act.  Since 2000, she has participated in the FAA's voluntary leave transfer program ("VLTP"), which permits persons who, themselves or in their family, have serious medical problems to accept donated leave from other government employees, leave that can be used after the employee has exhausted her own sick and annual leave, thus allowing the employee to continue to receive a salary for the time period covered by the donated leave.

In 2005, the FAA switched to a new payroll system. Plaintiff contends that under the new system implemented in October 2005 the defendant seized her then current amount of accrued annual and sick leave and placed 40 hours of sick and 40 hours of annual leave in a separate set aside account that could not be used until she left the VLTP. At the same time, the agency seized the remainder of her accrued annual leave and sick leave and moved it into a donated category, instructing plan participants that they no longer were permitted to use leave for anything other than medical purposes.

Plaintiff also contends that following October 2005 plaintiff's accrued leave began to be prorated based on the amount of donated leave she had used each pay period. Use of donated leave began to be treated like "time not worked," which plaintiff contends is contrary to the VLTP policy and past practices.

Plaintiff further contends that the newly implemented system destroyed the original intent of the program and that the inability to take and accrue annual leave is discriminatory because the disabled individuals are being denied basic benefits and are being treated differently from all other employees without disabilities, who do not need to participate in the VLTP program. Prior to October 2005, participants used accrued sick and donated leave for medical purposes; accrued annual leave was left for personal use.

Defendant's response to these contentions is that the change of payroll systems had no affect on the VLTP and on plaintiff's use of her own or donated leave.  It is defendant's position that the only change made by the new system is that the leave categories and amounts therein became visible to plaintiff on the payroll forms she received.  It is defendant's position that the old payroll system used by the FAA did not have the capacity to reflect all of the VLTP categories on the forms given to the employees.  Due to this deficiency, defendant contends, the FAA had to maintain, prior to the transfer to the new payroll system, spreadsheets that contained the information now reflected in the forms provided by the new payroll system.  It is, therefore, defendant's contention that the change in payroll systems did not affect any change in the way in which the VLTP was handled; hence there could not have been discrimination or retaliation covered by the Rehabilitation Act.

Defendant also asserts that plaintiff's claims are barred because she did not timely exhaust her administrative remedies by contacting an equal employment opportunity counselor within forty-five days of the happening of the events that plaintiff alleges in this case constituted discrimination and retaliation. Plaintiff contends that the evidence will show that she did, indeed, contact an EEO counselor within 45 days.  Defendant also

denies that there was any agency action that violated the
Administrative Procedure Act.

The Court should note that the factual allegations in this
case are virtually identical to the factual allegations made in
another case where the plaintiff is represented by the same
attorney as in this case, Olivo v. Peters, 07cv1725. It is the
parties belief that the two cases should be consolidated for
discovery and for the resolution of any summary judgment motions
that may be filed. This would minimize the burden of the cases on
the Court's resources.

Local Civil Rule 16 Report

1.    Likelihood Of Resolution By Dispositive Motion.  A
motion to dismiss was not filed by defendant.  Defendant believes
that this case can be resolved by summary judgment; plaintiff
does not, at this time, know whether the case can be disposed of
by cross-motions for summary judgment.

2.    Amendment Of Pleadings/Addition of Parties.  At this
time, it is unclear whether the pleadings may be amended.  There
will not be, however, the addition of any parties.  It is unclear
at this time whether the factual or legal issues can be agreed
upon or narrowed.

3.    Assignment To Magistrate Judge.  The parties do not
request that the case be assigned to a magistrate judge for all
purposes.

4.   <u>Possibility Of Settlement</u>.  It is unclear at this time whether the case can be settled.

5.   <u>Alternative Dispute Resolution</u>.  The parties have discussed the possibility of alternative dispute resolution, and defendant believes that the question of whether the case should be referred to mediation should be addressed after the close of discovery.

6.   <u>Dispositive Motions</u>.  Defendant proposes to file a summary judgment motion after the close of discovery; it is unclear at this time whether plaintiff will do so.  The parties agree that such motions, if any, should be filed thirty days after the close of discovery.

7.   <u>Initial Disclosures</u>.  The parties waive initial disclosures.

8.   <u>Discovery</u>.  The parties agree that the discovery period should be 120 days, commencing on the date of the initial status being held on January 24, 2008.  (Defendant believes that, as to the Administrative Procedure Act claim, there is no basis for discovery; the discovery period will, however, be used to prepare an administrative record as to the APA claim).

9.   <u>Exchange Of Expert Witness Reports</u>.  There is no need for changes in the procedures relating to expert witness reports and information.  The parties believe that it would be premature

at this time to make decisions relating to expert witness depositions.

     10.  <u>Class Actions</u>.  Not applicable.

     11.  <u>Bifurcation</u>.  Trial and discovery do not need to be bifurcated.

     12.  <u>Date For Pretrial Conference</u>.  Assuming that the case is not resolved by summary judgment, the parties propose that the pretrial conference be held forty-five days after the close of discovery or after the resolution of the summary judgment motions, if any, filed after the close of discovery, whichever is latest.

     13.  <u>Trial Date</u>.  The parties believe that the date for the trial should be set at the pretrial conference.

<u>Discovery Of Electronically-Stored Data</u>

The parties are still in the process of discussing this issue and request that they may have an extension of time to February 4, 2008, to submit their report to the Court on this subject.

                    Respectfully submitted,

                    JEFFREY A. TAYLOR, DC Bar#498610
                    United States Attorney

                    RUDOLPH CONTRERAS, DC Bar #434122
                    Assistant United States Attorney

/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201
Attorneys for Defendant

By authorization
Larry J. Stein, DC Bar #397397
2009 North Fourteenth Street
Suite 708
Arlington, VA 22201

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LINDA A. OLIVO,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    Civil Action No. 07-01725 ESH
                                   )
MARY E. PETERS,                    )
Secretary Of The Department        )
Transportation,                    )
                                   )
            Defendant.             )
                                   )
_____    )

SCHEDULING ORDER

UPON CONSIDERATION of the joint report submitted by the parties under LCvR 16.3, it is this _____ day of _____, 2008, ORDERED:

1.  The initial disclosures in this case are waived.

2.  Discovery in this case will be completed by May 23, 2008.

3.  Summary judgment motions, if any, will be filed no later than June 23, 2008.

4.  The pretrial conference will be held forty-five days after the close of discovery or after the resolution of the summary judgment motions, whichever is later.

5.  The parties will submit their report on electronic discovery by February 4, 2008.

                              UNITED STATES DISTRICT JUDGE

Copies to the parties