```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

NANCY E. PROCTOR,                )
                                 )
            Plaintiff,           )
                                 )
       v.                        )  Civil Action No. 07-01723 PLF
                                 )
MARY E. PETERS,                  )
Secretary Of The Department      )
Transportation,                  )
                                 )
            Defendant.           )
                                 )
_____  )
```

ANSWER TO THE AMENDED COMPLAINT

Defendant, Mary E. Peters, Secretary of the Department of Transportation, by her undersigned attorneys, hereby answers the complaint:

First Defense

The complaint fails to state a claim upon which relief can be granted because, inter alia, plaintiff's allegations made in the complaint do not involve adverse employment actions and are not actionable under the Rehabilitation Act as discriminatory acts based on plaintiff's alleged disability. Defendant's voluntary leave transfer program provides to individuals who qualify for the program, i.e., employees who have a personal or family medical emergency, certain benefits that are not available to persons who do not qualify for the program. There is no basis under the Rehabilitation Act for defendant to claim discrimination based on the claim that persons who qualify for the program, persons who may or may not be disabled, should receive even

more advantageous benefits under the program, benefits that are not available to persons who do not qualify for the program.

## Second Defense

The voluntary leave transfer program does not discriminate between participants based on whether or not a participant has a disability recognized under the Rehabilitation Act.

## Third Defense

Plaintiff's claim is barred because she did not timely exhaust her administrative remedies by contacting an equal employment counselor within forty-five days of the happening of the events that plaintiff alleges constituted discrimination.

## Fourth Defense

Since plaintiff asserts that the actions giving rise to this case constitute discrimination under the Rehabilitation Act, plaintiff cannot also maintain an action under the Administrative Procedure Act.

## Fifth Defense

Defendant hereby answers the numbered paragraphs of the complaint as follows:

Paragraph (¶)1.  The first sentence of this paragraph is plaintiff's characterization of the case, as to which no answer is required.  As to the second sentence, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff (we assume that the

reference in this paragraph to "defendant" being disabled was intended to be a reference to plaintiff) is a qualified disabled person under the Rehabilitation Act, but it is admitted that plaintiff is a participant in the Federal Aviation Administration's voluntary leave transfer program ("VLTP"). The third sentence is admitted.

¶ 2.  This paragraph contains conclusions of law as to which no answer is required.

¶ 3.  Denied, except that it is admitted that plaintiff filed this action within ninety days of her receipt of the agency's dismissal of her case.

¶ 4.  It is admitted that venue in this Court is proper.

¶ 5.  Admitted.

¶ 6.  Defendant is without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 6 with regard to plaintiff's alleged medical condition, and whether the alleged medical condition "significantly affects a major life activity" is a legal conclusion as to which no answer is required.  In response to the third sentence in this paragraph, defendant states that the VLTP was designed to help ease the financial burden on an employee who has exhausted available paid leave and has a personal or family medical emergency by allowing other employees to donate leave to the participants in the program.  Defendant denies, however, that the

program was designed to pay the employee's salary until the medical crisis was over and the employee returned to the workplace.

¶ 7.  The first sentence is admitted.  The second sentence is denied.

¶ 8.  As to the first and second sentences, defendant admits that under the VLTP employees of FAA are permitted to donate leave to fellow employees who have been approved to participate in the VLTP.  Defendant denies, however, that this leave was placed in a participant's regular leave account.  The third sentence is denied.  The fourth sentence is admitted.  As to the fifth sentence, defendant admits that donated leave is a form of paid leave.  The sixth sentence is denied.

¶ 9.  Denied.

¶ 10.  It is admitted that the FAA switched to a new payroll system in 2005 and that the leave categories listed in this paragraph reflect how the FAA divides the leave categories; however, defendant states that these categories reflect the division of leave required under the VLTP both before and after 2005.  Defendant denies that the new payroll system created any change in the policy with regard to donated leave.

¶ 11.  Denied.

¶ 12.  Denied, except that it is admitted that participants in the VLTP are required to use their own accrued sick and annual

leave prior to using donated leave.

¶ 13.  Denied.

¶ 14.  As to the first and second sentences, it is denied that the FAA is subject to 5 U.S.C. § 6337, and it is denied that the FAA "made a decision, post-October, 2005, to pro-rate the amount of leave accrued by Plaintiff while she participates in the VLTP program."  As to the third sentence, the FAA denies that it acted inconsistently with its Human Resources Operating Instructions.

¶ 15.  Denied.  Defendant further states that the FAA is not subject to 5 U.S.C. §§ 6333 and 3667.

¶ 16.  Defendant's responses to ¶¶ 1 through 15 are incorporated herein by reference.

¶¶ 17 through 19.  Denied.

The remainder of the complaint is plaintiff's request for relief, and defendant denies that plaintiff is entitled to any relief.

All allegations not expressly admitted or denied are denied.

WHEREFORE, defendant requests this Court to deny the plaintiff all relief requested, dismiss the complaint with prejudice, grant defendant such other relief as the Court deems appropriate, and award defendant the costs of this action.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR, D.C. Bar #498610
                        United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

```
                /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W. Room E-4110
Washington, D.C. 20530
202.514.7201
```